IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AMERIHOME MORTGAGE COMPANY, LLC, <br>     Plaintiff, <br><br> VS. <br><br> ERIC RODRIGUEZ; BYLINE BANCORP, INC., SUCCESSOR BY MERGER TO INLAND BANK AND TRUST; and UNITED STATES OF AMERICA, ON BEHALF OF THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, <br>     Defendants. | § § § § § § § § § § § § § § | CIVIL ACTION NO. <br><br> 3:25-cv-30094 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, AmeriHome Mortgage Company, LLC, complains of Defendants, Eric Rodriguez, Byline Bancorp, Inc., and United States of America, on behalf of the Secretary of Housing and Urban Development, stating as follows:

**I.  PARTIES & JURISDICTION**

1. AmeriHome Mortgage Company, LLC ("AmeriHome") is a Delaware limited liability company, and its principal office address is 1 Baxter Way, Suite 300, Thousand Oaks, CA, 91362.

2. Defendant Eric Rodriguez on information and belief, is a resident of Hampden County, Massachusetts, residing at 126 Bulat Drive, Springfield, MA 01129, and may be served with process at that address.

3. Defendant Byline Bancorp, Inc. ("Byline"), is a Delaware entity and successor by merger to Inland Bank and Trust. Byline's principal office address is 180 N. LaSalle Street, Chicago, IL 60601, and it may be served with process through its registered agent, Daniel C. McKay, 222 N. LaSalle Street, #2400, Chicago, IL 60601.

4.     Defendant United States of America on behalf of the Secretary of Housing and Urban Development ("HUD"), can be served with process to the U.S. Attorney General, 950 Pennsylvania Avenue NW, Washington, DC 20530, with a copy to the Civil Process Clerk for the U.S. Attorney for the District of Massachusetts at 1 Courthouse Way, Suite 9200, Boston, MA 02210.

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2410, as AmeriHome seeks to foreclose a lien on real property in which HUD, as an agency of the United States, holds a subordinate lien interest. Section 2410 expressly waives the United States' sovereign immunity in any civil action to foreclose a mortgage or lien where the United States, or an officer thereof, has or claims a lien or other interest in the property. Because the Secretary of HUD, in their official capacity, holds a junior lien on the subject property, this Court has jurisdiction to adjudicate the foreclosure proceedings and determine the rights of all lienholders, including HUD's interest. Additionally, jurisdiction is proper under 28 U.S.C. § 1331, as the matter involves the interpretation and enforcement of federal laws governing HUD's lien rights.

6.     The Court has general and specific jurisdiction over all the Defendants that are domiciliary of Massachusetts or have sufficient contact with the forum state. *Daimler AG v. Bauman,* 571 U.S. 117 (2014). The Court has personal jurisdiction over the Secretary of HUD because the Secretary, through its junior lien on real property located within the State of Massachusetts, has purposefully availed itself of the privilege of conducting activities within Massachusetts, thus invoking the benefits and protections of its law. Similarly, the named Defendants, through their respective interest in the real property located within the State of Massachusetts, have purposefully availed themselves, as well. Therefore, the exercise of personal

jurisdiction over the named Defendants, including the Secretary of HUD, is consistent with traditional notions of fair play and substantial justice.

7.     Venue is proper in the District of Massachusetts, Springfield Division, under 28 U.S.C. § 1391(b) and 28 U.S.C. § 124(d)(3) because that is the district and division in which at least one Defendant resides, and because that is the district and division in which the real property that is the subject of this action is situated.

## II.     BREACH OF CONTRACT

8.     On June 8, 2021, Eric Rodriguez made, executed and delivered to Inland Bank and Trust a certain Promissory Note ("Note"), in writing, whereby Eric Rodriguez promised to pay Inland Bank and Trust or order the amount of $233,516.00 plus interest. A true and correct copy of the Note is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 1**. Thereafter, Inland Bank and Trust indorsed the Note and the same was assigned to AmeriHome.

9.     On June 8, 2021, Eric Rodriguez, executed a certain Mortgage ("Security Instrument"), to secure the Note with certain real property, to wit:

> THE LAND IN SPRINGFIELD, HAMPDEN COUNTY, MASSACHUSETTS, WITH THE BUILDINGS THEREON, BEING KNOWN AND DESIGNATED AS LOT NO. 27 AS SHOWN ON A PLAN OF LOTS ENTITLED " PLAN OF BULAT DRIVE EXTENSION" RECORDED WITH THE HAMPDEN COUNTY REGISTRY OF DEEDS BOOK OF PLANS 81, PAGE 38, SAID LOT BEING MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS: WESTERLY BY BULAT DRIVE, NINETY (90) FEET; NORTHERLY BY LOT NO. 28 AS SHOWN ON SAID PLAN, ONE HUNDRED TWENTY-FIVE (125) FEET; EASTERLY BY LAND NOW OR FORMERLY OF HAROLD E. WARNER, ET. AL., NINETY (90) FEET; AND SOUTHERLY BY LOT NO. 26 AS SHOWN ON SAID PLAN, ONE HUNDRED TWENTY-FIVE (125) FEET. SUBJECT TO EASEMENT RIGHTS OF WESTERN MASSACHUSETTS ELECTRIC COMPANY AND NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY UNDER INSTRUMENT DATED SEPTEMBER 14, 1960 AND RECORDED IN SAID REGISTRY AT BOOK 2767, PAGE 412. BEING THE SAME PREMISES CONVEYED TO THE MORTGAGOR HEREIN BY DEED RECORDED HEREWITH.

Said real property has a reported mailing address of 126 Bulat Drive, Springfield, MA 01129 ("Property").  By executing the Security Instrument, Defendant Rodriguez granted a lien on and recourse to the Property for a breach thereunder.  A true and correct copy of the Security Instrument is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 2**.

10. AmeriHome is the record assignee of the Security Instrument under that certain Assignment of Mortgage("Assignment").  A true and correct copy of the Assignment is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 3**.

11. The obligation evidenced by the Note and Security Instrument is also hereinafter referred to as the "Loan."

12. Defendant Rodriguez, to AmeriHome's detriment, has failed and refused to pay amounts that have come due under the Loan, although repeated demands for payment have been made. AmeriHome caused to be provided to Eric Rodriguez proper notices of the default described herein and its intent to accelerate the indebtedness ("Notices of Default"), true and correct copies of which are attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 4**.  Each occurrence of non-performance by Defendant Eric Rodriguez under the Loan as herein described is a breach thereunder.

13. Defendant Eric Rodriguez's continued breach under the Loan has directly and proximately caused damages to AmeriHome in that amounts due to AmeriHome remain unpaid, and in that AmeriHome is incurring fees and expenses to enforce its rights under the Loan and to protect its security interest in the Property.

14. Defendant Eric Rodriguez has not cured the default described in the Notices of Default. Consequently, AmeriHome has, and/or does, hereby exercise its right under the Security Instrument to require immediate payment in full of all sums secured thereunder. AmeriHome's

records reflect that the unpaid principal balance due and payable under the Loan and secured under the Security Instrument, exclusive of interest, late fees, costs, advances, attorneys' fees, and attorneys' costs, was $220,805.06 as of May 1, 2024.

15. For consideration, Eric Rodriguez, promised to repay the Loan in installments. Defendant Eric Rodriguez breached such promise to the detriment of AmeriHome. Thus, and in accordance with Laws of Massachusetts GL ch. 244, §§ 11-17B, AmeriHome is entitled to a judgment quantifying the amount chargeable to the Property in respect of the Loan (including, principal, pre-judgment interest, reasonable attorneys' fees and expenses, advances, costs, and post-judgment interest), and foreclosure upon the lien against the Property securing such amount.

### III.   INTERESTS OF HUD AND OTHER SUBORDINATE LIENHOLDERS

16. Defendant HUD is named herein as a defendant because it claims an interest in the Property under the terms of that certain Partial Claim Deed of Trust filed and recorded April 22, 2022, in Book 24511 at Page 578, #24444, in the Official Public Records of Hampden County, Massachusetts, a copy of which is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 5.** HUD claims another interest in the Property under the terms of that certain Partial Claim Deed of Trust filed and recorded March 28, 2024, in Book 25364 at Page 569, #13064, in the Official Public Records of Hampden County, Massachusetts, a copy of which is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 6**. These interests are subordinate and inferior to AmeriHome's interest in the Property. Plaintiff is not seeking monetary relief from this Defendant.

17. Defendant Byline is named herein as a defendant because it claims an interest in the Property under the terms of that certain Retention Agreement filed and recorded June 8, 2021, in Book 23928 at Page 117, #39177, in the Official Public Records of Hampden County,

Massachusetts, a copy of which is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 7.**

## IV.    CONDITIONS PRECEDENT

18. By virtue of filing this Complaint, AmeriHome hereby accelerates all sums due under the Loan and demands payment in full of the said amount.

19. Defendant Eric Rodriguez failure to comply with this demand entitles AmeriHome to seek foreclosure of the Property.

20. All conditions precedent to the relief requested herein by AmeriHome have been performed or have occurred.

## V.    ATTORNEYS' FEES

21. The Loan provides that in the event of foreclosure, and insofar as allowed by the Laws of Massachusetts GL ch. 244, §§ 11-17B, AmeriHome may be awarded all expenses incurred in pursuing remedies provided for thereunder, including reasonable attorneys' fees and costs, expenses, or advances made necessary or advisable or sustained by AmeriHome because of the default or to protect its security interest. AmeriHome has retained Marinosci Law Group, P.C., and agreed to pay its reasonable attorneys' fees and costs incurred relative to this proceeding and to protect AmeriHome's security interest in the Loan.

**PRAYER**

WHEREFORE, AmeriHome Mortgage Company, LLC, prays that after service of process is completed as to all Defendants, then the Court quantify the amount chargeable to the Property in respect of the Loan (including, principal, pre-judgment interest, reasonable attorney's fees and expenses, advances, costs, and post-judgment interest) and grant foreclosure upon the lien securing such amount as remedy to AmeriHome for Defendant Eric Rodriguez's breach of contract as herein alleged, deem all junior lienholders' interest in the Property inferior to the superior interest of AmeriHome, and for all other relief Court deems appropriate.

DATE: May 15, 2025.

Respectfully submitted,
MARINOSCI LAW GROUP, P.C.

*/s/ Brian Kiser*
Brian Kiser / MA State Bar No. 673022
275 W. Natick Road, Suite 500
Warwick, RI 02886
Phone: 401.234.9200
Fax: 972.331.5240
Email: bkiser@mlg-defaultlaw.com
**ATTORNEYS FOR PLAINTIFF**
**AMERIHOME MORTGAGE COMPANY, LLC**